UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CARMEN V. CARRERO;**
**CELESTE V. CARRERO**

    **Plaintiffs,**

    **v.**

**ALL AMERICAN FINANCIAL**
**ASSOCIATES, INC.;**
**CHRISTOPHER M RANIERI, P.A.**

    **Defendants**
_____/

Judge: SEITZ/O'SULLIVAN

Case no: 08-22901

## FIRST AMENDED COMPLAINT
### (& Jury Demand)

Comes now, the plaintiffs, **Carmen V. Carrero** (Hereinafter referred to as "**Carmen**") and **Celeste V. Carrero,** (Hereinafter referred to as "**Celeste**"), on behalf of themselves and by and through undersigned counsel, who files this amended complaint clarifying Count One and re-alleging individual violations of the Fair Debt Collection Practices Act against the Defendants All American Financial Associates, Inc. (Hereinafter referred to as "**AAFA**") and Christopher M Ranieri, P.A. (Hereinafter "**CMR**"), and in support thereof would state the following:

## JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter referred to as the "**FDCPA**").

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

3. The Defendant **AAFA** is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of the State of Florida. **AAFA** is a "debt collector" as defined by the FDCPA and as it uses interstate commerce in a business for which the principal purpose is to collect debts.

4. The Defendant **CMR** is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of the State of Florida. **CMR** is a "debt collector" as defined by the FCCPA and as it uses interstate commerce in a business for which the principal purpose is to collect debts.

## VENUE

5. The venue in the United States District Court for the Southern District of Florida is proper and based upon the following:
    a. The violations of the FDCPA alleged below occurred and/or were committed in **Miami-Dade County,** State of Florida within the Southern District of Florida;

    b. At all times material hereto, the Defendant **AAFA**, was and continues to be a corporation engaged in business activities in Miami-Dade County, Florida and as such is a citizen of the State of Florida.

    c. At all times material hereto, the Defendant **CMR**, was and continues to be a corporation engaged in business activities in Miami-Dade County, Florida and as such is a citizen of the State of Florida.

6. The plaintiffs, are individuals residing in Miami-Dade County, Florida and are "consumers" as that term is defined by 15 U.S.C. §1692 et seq.

## FACTS COMMON TO ALL COUNTS

7. Plaintiffs are "individual consumers" as defined by the FDCPA and this action stems from an alleged financial obligation for primarily personal, family or household purposes, or more specifically an alleged debt with Citibank by Carmen.

8. Defendants, **AAFA and CMR**, filed suit against Plaintiff Carmen V. Carrero on July 15, 2008 in Miami-Dade County Court, alleging that Carmen had defaulted on a debt in August of 2003.

9. Beginning at around noon time on or around August 12, 2008, Defendants through a person who identified herself as "Laura" began contacting Carmen's mother, Celeste and initially stated they were

looking for Carmen "because she had been sued and they needed to serve her".

10. Despite being informed by Celeste that Carmen did not live with her and that as an 81-year old woman, not in good health, and she was extremely upset from the phone call and the manner in which she was being harshly spoken to. Defendants then asked her to verify the address and phone number they had on file for Carmen (which was a different address from Celeste's) which she did.

11. Defendants' phone calls to Celeste continued at around the same time each day and either hung up when she answered the phone or let in ring consistently until on or around August 21, 2008, when Celeste reiterated that Carmen did not reside with her and begged the Defendants to cease communications with her. Defendants did not cease communications, but continued to contact Celeste for several days thereafter.

12. Therefore, the Defendants have purposefully and willfully attempted to collect a debt in violation of §1692 et seq., which additionally amounts to harassment of the Plaintiffs.

## COUNT ONE

## VIOLATION OF THE FDCPA – 15 U.S.C. §1692 et seq.

## BY DEFENDANTS AAFA and CMR

13. Plaintiffs re-allege and incorporate paragraphs 1 through 12 above as if fully stated herein.

14. Upon information and belief the foregoing acts and omissions of Defendants **AAFA and CMR** as further described within this Complaint constitute violations of certain provisions of the FDCPA, and as such, each and every provision of 15 U.S.C. §1692 et seq., are at issue.

15. Upon information and belief, Defendants **AAFA and CMR** have specifically violated 15 U.S.C. §1692b(1) by failing to identify themselves to Celeste when they repeatedly phoned her.

16. Upon information and belief, Defendants **AAFA and CMR** have specifically violated 15 U.S.C. §1692b(2) by informing Celeste that they had instituted suit in Miami-Dade County Court against Carmen.

17. Upon information and belief, Defendants **AAFA and CMR** have specifically violated 15 U.S.C. §1692b(3) by contacting Celeste every day from August 12 until on or around August 25 despite knowing and having confirmed that Carmen resided at a separate address.

18. Upon information and belief, Defendants **AAFA and CMR** have specifically violated 15 U.S.C. §1692b(5) by telling Celeste they were attempting to serve Carmen for a lawsuit they had recently filed in Miami-Dade.

19. Upon information and belief, Defendants **AAFA and CMR** have specifically violated 15 U.S.C. §1692c(b) by communicating with Celeste

about Carmen's alleged debt knowing Celeste was not Carmen, nor her attorney, nor a credit bureau.

20. Upon information and belief, Defendants **AAFA and CMR** have specifically violated 15 U.S.C. §1692d by repeatedly phoning Celeste despite knowing Carmen did not reside there and that the phone calls were extremely upsetting to Celeste, an 81 year old woman.

21. Upon information and belief, Defendants **AAFA and CMR** have specifically violated 15 U.S.C. §1692d(5) by phoning Celeste daily from August 12, 2008 through on or until August 25, 2008 about the matter with Carmen.

22. Upon information and belief, Defendants **AAFA and CMR** have specifically violated 15 U.S.C. §1692d(6) by repeatedly failing to identify themselves to Celeste on the numerous occasions they contacted her about Carmen.

23. As a result of these various violations of the FDCPA by **AAFA and CMR**, the Plaintiffs have suffered out of pocket expenses as well as other actual damages, and is therefore entitled to an award of damages pursuant to 15 U.S.C. §1692k(a)(1-3) from Defendants **AAFA and CMR**.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that a judgment be entered against Defendants **AAFA and CMR** for an award of actual damages

pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2); the costs associated with litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and such other relief the Court deems just, equitable and proper.

## JURY TRIAL DEMAND

Plaintiffs are entitled to and hereby demand a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 20th day of November, 2008.

Respectfully Submitted by,

**The Fair Credit Law Group, LLC**
**20423 State Road 7**
**Suite F6-477**
**Boca Raton, FL 33498**
**Tel: 954-334-7670**
**Fax: 954-334-7668**

**/s/ Paul A. Herman**
**Filed by: Paul A. Herman, Esq**
**FL Bar #405175**
**Joel A. Brown, Esq.**
**FL Bar #0066575**

**Attorneys for Plaintiff**